MARIANI, PETITIONER AND APPELLEE, *v.* MARIANI ET AL., INTERVENORS AND APPELLEES (OLIVARI, ADMINISTRATOR AND APPELLANT).

APPEAL from the District Court of Ponce in Administration Proceedings—Recovery of Fees.

No. 1571.—Decided June 19, 1917.

ADMINISTRATION—COMPENSATION.—According to section 53 of the Special Legal Proceedings Act of March 9, 1905, an administrator is entitled to be paid as compensation for his services 5 per cent on sums received amounting to one thousand dollars or less; 2½ per cent on sums up to ten thousand dollars, and 1 per cent on sums exceeding ten thousand dollars.

The facts are stated in the opinion.

*Mr. Francisco Parra* for the plaintiff-appellee.

*Mr. José Tous Soto* for the intervenor-appellees.

*Mr. Manuel Tous Soto* for the administrator-appellant.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 53 of An Act Relating to Special Legal Proceedings, approved March 9, 1905, reads in part as follows:

"Sec. 53.—Each administrator and executor, unless the will under which he is appointed provides to the contrary, shall be entitled to be paid from the estate, as compensation for his services, five per centum on sums received in the course of administration, amounting to one thousand dollars or under; two and one-half per centum on sums up to ten thousand dollars, and one per centum on sums above ten thousand dollars.   *   *   *."

Appellant Tomás Olivari Santoni, as judicial administrator, presented accounts showing a total of $17,878.11 received by him as such administrator, upon which he claimed commissions amounting to $551.12, calculated as follows:

Nov. 1, 1913.   5 per cent on the sum collected from Pascual Negroni for house rents amounting to $288, for 8 months due on Oct 31, for the current year, at the rate of $26 per month _____   $14. 40

Nov. 1, 1913.   5 per cent on $800 collected from Antonio Anciani for a mortgage note which is due_____   40. 00

Nov. 1, 1913.   5 per cent on $50 collected from Julia Amill for two months' house rent of the house at Guánica, amounting to $50_____   2. 50

Nov. 1, 1913.   5 per cent on the first $1,000 collected from Alfonsa B. de Mariani corresponding to her liquidation on coffee crops, rendered to Succession of José María Mariani, amounting to $10,169.45_____   50. 00

Nov. 1, 1913.   2½ per cent on the remaining $9,000 from said liquidation_____   225. 00

Nov. 1, 1913.   1 per cent on $169.45 remainder of the total amount of the liquidation referred to_____   1. 70

Aug. 27, 1914.   5 per cent on the sums collected from Pascual Negroni for 10 months' rent due on houses on the 31st instant, at $36, $360_____   18. 00

Aug. 27, 1914. 5 per cent on $770 paid by Antonio An-
ciani due on a mortgage note_____    38. 50

Aug. 27, 1914. 5 per cent on the first $1,000 paid by Al-
fonsa B. de Mariani of her crops' liquidation presented
June 30 last, amounting to $5,440.66_____    50. 00

Aug. 27, 1914. 2½ per cent on the remaining $4,440.66__   111. 02

$551. 12

Appellees, objecting to this feature of the account, out-
lined the situation as they see it, with certain patent but
unimportant mathematical errors, thus:

| | |
|---|---:|
| Total of amounts collected_____ | $17, 828. 11 |
| Amount of compensation due_____ | $551. 12 |
| Sum which should be received, 2.5 per cent on $10,000, $250.00; 1 per cent on $7,828.11, $78.28_____ | 328. 28 |
| Balance_____ | $222. 84 |

The order appealed from, which tends to correct the
erroneous theory of appellant, but apparently overlooks the
mistaken view of appellees, which goes too far toward the
other .extreme, reads:

"The motion filed by José María Mariani in his own right and
as guardian of his sister María Dolores Mariani that the accounts
rendered by the administrator be not approved as to the manner in
which he collects his fees having been considered, the court holds
that the said accounts should be amended to the effect that said ad-
ministrator should receive payment of the per cent prescribed in
section 53 of the Law of Special Legal Proceedings upon the total
of the amounts collected instead of upon the partial sums received."

While we cannot agree with appellant that he is entitled
to five per cent on any and all sums of $1,000 or less received
by him or on the first $1,000 of each of such separate sums,
which is plainly a proposition that, if sound, would enable
him to multiply indefinitely his commissions at that rate, we
do construe the law, the Spanish version of which, it is fair
to state, is perhaps more open to doubt than the English text,

as fixing the compensation of the administrator at 5 per cent on the first $1,000 or less received by him, 2½ per cent on sums in excess thereof up to $10,000, and 1 per cent on sums over and above $10,000.

To hold otherwise would be to allow the administrator who had received $1,000, 5 per cent on that amount and the administrator who had received $10,000, 2½ per cent thereof, while if either succeeded in augmenting the amount of his receipts by the sum of one dollar he would automatically lose thereby one-half or more of his commissions already earned. Manifestly, such was not the intention of the law. If the legislator had intended to fix the compensation of the administrator on the basis of the total amount of the receipts shown by his final accounts when submitted for approval, it would have been much simpler, easier and more natural to have specified the respective rates upon such totals in so many words than to have used the language actually employed, which upon its face seems to be perfectly plain and can be accounted for only upon the theory that the intention of the. law is contrary to the interpretation suggested by appellees. Indeed, they in effect admit as much in conceding the 2½ per cent on $10,000 and claiming 1 per cent only on the $7,828.11 in excess of that amount, instead of insisting upon 1 per cent on the sum total of $17,828.11; for if the administrator herein is entitled to 2½ per cent on $10,000, then for the same reason he is entitled to 5 per cent on the first $1,000, and it is difficult to justify the allowance of the 2½ per cent without at the same time demonstrating his right to the 5 per cent.

The order appealed from should be modified and made more specific so as to direct the amendment of the account submitted in such manner as will credit the administrator with 5 per cent on the first $1,000 received by him, 2½ per cent on the next $9,000, and 1 per cent on the remaining $7,878.11, and, as modified, affirmed.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.